IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR97** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JOSEPH J. FLEMING,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 54, 55). *See* "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The government objects to the quantity of controlled substance attributable to the Defendant in ¶ 33 and to the application of base offense level 36. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a base offense level of 34 based on a most readily provable drug quantity of 1,795.2 grams of a mixture or substance containing a detectable amount of methamphetamine. The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld and the base offense level should be calculated as level 34.

Defense counsel represented that her objection to the lack of an adjustment for the safety valve is moot, as government counsel indicated that the Defendant has met the criteria for the application of the safety valve. Based on this representation, and the lack of any remaining issues that affect the sentencing guideline application, the Defendant's objections are denied. The issue of the safety valve will be addressed at sentencing and, assuming the government states on the record that the Defendant has met the fifth prong

of the safety valve, the Court's tentative finding is that he will receive the protection of the safety valve.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objections (Filing No. 55) to the PSR are granted;

2. The Court's tentative findings are that the Defendant's objections (Filing No. 54) to the PSR are denied as moot;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final;

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge